TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------------------

|   |   |   |
|---|---|---|
| | : | |
| OPINION | : | No. 86-1104 |
| | : | |
| JOHN K. VAN DE KAMP | : | <u>DECEMBER 30, 1987</u> |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

-----------------------------------------------------------------


THE HONORABLE D. MICHAEL O'CONNOR, M.D., DIRECTOR, DEPARTMENT OF MENTAL HEALTH, has requested an opinion on the following question:

Is a seriously emotionally disturbed child who is placed in an out-of-home residential placement in accordance with an individualized education program developed pursuant to section 7572.5 of the Government Code eligible for MediCal benefits without consideration of parental income?

CONCLUSIONS

A seriously emotionally disturbed child who is placed in an out-of-home residential placement pursuant to Government Code section 7572.5 would be eligible for MediCal benefits without consideration of parental income if he or she is a "categorically needy person" as defined in section 14050.1 of the MediCal Act.

ANALYSIS

Section 7572.5 of the Government Code is part of California's effort to meet its responsibility to ensure that all handicapped children in the state receive a free appropriate public education. It provides a mechanism to specially educate one category of such children, the seriously emotionally disturbed, in out-of-home residential placements when such a setting is necessary for

1.                                                                86-1104

the child's particular educational needs.[1]  Funding for such placements come from a separate appropriation in the budget of the State Department of Developmental Services.  (Welf. & Inst. Code, §§ 18350-18355.)

---

[1]Section 7572.5 provides in part:

"(a) When an assessment is conducted pursuant to Article 2 (commencing with Section 56320 of Chapter 4 of Part 30 of Division 4 of the Education Code, which determines that a child is seriously emotionally disturbed, as defined in Section 300.5 of Title 34 of the Code of Federal Regulations, and any member of the individualized education program team recommends residential placement based on relevant assessment information, the individualized education program team shall be expanded to include a representative of the county mental health department.

"(b) The expanded individualized education program team shall review the assessment and determine whether:

"(1) The child's needs can reasonably be met through any combination of nonresidential services, preventing the need for out-of-home care.

"(2) Residential care is necessary for the child to benefit from educational services.

"(3) Residential services are available which address the needs identified in the assessment and which will ameliorate the conditions leading to the seriously emotionally disturbed designation.

"(c) If the review required in subdivision (b) results in an individualized education program which calls for residential placement, the individualized education program shall include all the items outlined in Section 56345 of the Education Code, and shall also include:

"(1) . . . . . . . . . . . . . . . . . . . . .

"(2) Provision for a review of the case progress, the continuing need for out-of-home placement, the extent of compliance with the individualized education program, and progress toward alleviating the need for out-of-home care, by the full individualized education program team at least every six months.

"(3) Identification of an appropriate residential facility for placement with the assistance of the county welfare department as necessary."

MediCal on the other hand is a joint federal-state program to provide medical assistance for certain low-income persons. Congress had established the MediCaid program in 1965 (Pub.L. 89-97, adding tit. XIX to the Social Security Act; 42 U.S.C.A., § 1396, et seq.) to provide federal assistance to states that choose to reimburse certain costs of medical treatment for needy persons. Under it a participating state would develop a plan for determining eligibility for, and the extent of medical assistance (id., § 1396(a)(17), and an individual would be entitled to MediCaid if he or she fulfilled the criteria established in the state in which he lived. While participation in the federal program is voluntary, once a state elects to participate in it, its program must conform to the federal statutory and implementing regulatory requirements. (Schweiker v. Gray Panthers (1981) 453 U.S. 34, 37; Morris v. Williams, supra, 67 Cal.2d at 738.)

One of the requirements of the federal statute is that state plans make MediCal assistance available to certain classes of people, who receive public assistance under a number of federally assisted state income assistance programs such as those known as AFDC (Aid to Families with Dependent Children), FCAA (Foster Care & Adoption Assistance), and SSI (Supplemental Security Income for the Aged Blind and Disabled). (42 U.S.C., § 1396a(a)(10)(i);[2] 42 C.F.R., Pt.

---

[2]In relevant part, section 1909 of title XIX of the Social Security Act (42 U.S.C., § 1396a) requires that:

"(a)  A state plan for medical assistance . . . (10) provide--

"(A) for making medical assistance available, including at least the care and services listed in paragraphs (1) through (5) and (17) of section 1396(a) of this title, to--

(i) all individuals--

"(I) who are receiving aid or assistance under any plan of the State approved under subchapter I [Old Age Assistance], X [Aid to the Blind], XIV [Aid to the Permanently and Totally Disabled], or XVI [Supplemental Social Security Income Aid to the Aged, Blind, or Disabled, now also Supplemental Security Income for the Aged, Blind and Disabled] of this chapter, or part A [Aid to Families with Dependent Children] or part E [Foster Care and Adoption Assistance] of subchapter IV of this chapter (including individuals eligible under this subchapter by reason of section 602(a)(37), 606(h) or 673(b) of this title, or considered by the State to be receiving such aid as authorized under section 614(g) of this title),

435, subpart B, §§ 435.10, 435.110, 435.118, 435.120; see Schlemowitz v. Lavine (1973) 347 N.Y.S.2d 133, 135-136; Jaffee v. Sharp (D.Mass. 1978) 463 F.Supp. 222, 226; Lewis v. Shulimson (D.Mo. 1975) 400 F.Supp 807, 809-810; State of N.J. v. Dept. of Health & Human Services (3rd Cir. 1982) 670 F.2d 1284, 1286, 1295.)  Such individuals and families are designated as "categorically needy" in federal law (42 C.F.R., § 435.4) and California law (§ 14050.1).

California has elected to participate in the federal MediCaid program through the enactment of the MediCal Act.  (Welf. & Inst. Code, § 14000, et seq.; cf. id., § 14000.4; Morris v. Williams (1967) 67 Cal.2d 733, 738.)  The Act establishes the California Medical Assistance Program to provide "health care and related remedial or preventive services, including necessary related social services," to various categories of individuals who qualify under it (§§ 14000; 14005), including "family persons who lack sufficient family income to meet the costs of health care, and whose other assets are so limited that their application toward the costs of such care would jeopardize the person or family's future minimum self-maintenance and security."  (Ibid.)  For certain of the categories, eligibility for MediCal benefits and the amount thereof are determined by taking into consideration the recipient's available income or that of his/her parents or spouse.  (See e.g., § 14005.7 ["medically needy persons and medically needy family persons"].)  But recognizing its obligation to comply with the aforementioned stricture of the federal Act, California has set one category, that of "categorically needy persons" (§ 14005.1), where eligibility is determined without regard to parental income.  Categorically needy persons are defined as those "whose coverage is required under the categorically needy program under Title XIX of the Social Security Act as defined in federal regulations."  (§ 14050.1.)  As seen above, that program includes persons who receive (a) Supplemental Security Income (SSI) under subchapter XVI of the Social Security Act, (b) Aid to Families with Dependent Children (AFDC) under subchapter IV-A of that Act, or (c) Adoption Assistance or Foster Care Maintenance under subchapter IV-E of that Act.  (42 C.F.R.,

---

(II) with respect to whom supplemental security income benefits are being paid under subchapter XVI of this chapter or who are qualified severely impaired individuals (as defined in section 1396d(q) of this title), or

(III) who are qualified pregnant women or children as defined in section 1396d(n) of this title;"

It should be noted that with the enactment of PL 92-603, Congress repealed and replaced as of January 1, 1974, the system of federal grants-in-aid to state administered welfare programs (42 U.S.C., §§ 301 (aged), 201 (blind), 1351 (disabled)), and established a new program of cash benefits for the aged, blind and disabled under a new subchapter XVI of the Social Security Act, known as SSI (Supplemental Security Income for the Aged, Blind and Disabled).  (See, 42 C.F.R., § 435.1; cf. 1972 U.S. Code Cong. & Admin. News p. 4989 California Legislative Coun., Older Amer. v. Weinberger (E.D.Cal. 1974) 375 F.Supp. 216, 219-221; Buckles v. Weinberger (E.D.Pa. 1975) 398 F.Supp. 931, 933-935.)

§§ 435.120, 435.110, 435.118, respectively; cf. 42 U.S.C., § 1396a(a)(10)(i), fn. 2, ante.)

The question we are asked is whether seriously emotionally disturbed children who have been placed in out-of-home residential placement pursuant to an individualized education program are eligible for MediCal benefits without consideration of parental income. The answer, found in the MediCal Act and implementing regulations of the Department of Health Services, is that while they are not automatically so eligible because of such placement, they would be if they also receive federal assistance under one of the aforementioned programs and thereby qualify as "categorically needy persons."

As mentioned, the MediCal Act sets forth various categories of persons eligible for its assistance, and predicated as it is on aiding the needy, generally takes into consideration family, i.e., spousal and parental, income in determining eligibility for benefits and the amount thereof. (See, e.g., §§ 14005.2, 14005.4, 14005.7-14005.8, 14005.12; cf. 14005.16.) One such category is that of medically needy family persons, a category which includes "child[ren] under 21 years of age . . ." "whose income and resources are insufficient to provide for the costs of health care coverage." (Welf. & Inst. Code, § 14051, subd. (b).) For them parental income is considered in determining MediCal eligibility. (Id., § 14005.7; cf. § 14008; 22 Cal. Admin. Code, §§ 50071, 50371.) This category appears to generally cover seriously emotionally disturbed child placed out-of-home pursuant to Government Code section 7572.5 and parental income would be considered in determining MediCal eligibility and benefits. We have found no category of MediCal beneficiaries into which such children would of necessity automatically fall because of that placement, for which the factor would not be considered in determining their eligibility for benefits.

However that does not mean that the children are absolutely not eligible to receive MediCal benefits without regard to parental income. They still could be if they qualify as "categorically needy persons", as for example, by reason of their receiving Supplemental Security Income (SSI) for their severe emotional disturbance, under subchapter XVI of the Social Security Act. The federal Act requires that persons who receive SSI income assistance also receive medical assistance under a state medical assistance plan such as MediCal (42 U.S.C., § 1396a(a)(10)(a)(i)(II); 42 C.F.R., § 435.10) and "[o]nce a federal standard of eligibility for medical assistance is defined . . ., aid may not be denied by a participating state to persons who come within the federal statutory definition." (Lewis v. Shulimson, supra, 400 F.Supp. at 809-810; see also, State of N.J. v. Dept. of Health & Human Services, supra, 670 F.2d at 1287; Schlemowitz v. Lavine, supra, 347 N.Y.S.2d at 135.) As mentioned, California's MediCal Act adopts the federal reference and accords such persons benefits without consideration of parental income. (§ 14050.1; cf. § 14005.1.)

It could well be that the seriously emotionally disturbed child who is placed out-of-home pursuant to an IEP developed pursuant to section 7572.5 also has qualified to receive SSI benefits. Section 1382c of subchapter XVI of the Social Security Act defines "disability" for purposes of receiving SSI in part as follows:

"3(A)  An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for  a continuous period of not less than twelve months (or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity).

"(B) . . . . . . . . . . . . . . . . . . . . .

"(C)  For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  (42 U.S.C., § 1382c(a)(1)(3)(A & C).)

The implementing regulations of the Secretary of Health and Human Services provide that a child will be found to be disabled if he or she:

"(a) Is not doing any substantial gainful activity; and
"(b) Has a medically determinable physical or mental impairment(s) which compares in severity to any impairment(s) which would make an adult (a person age 18 or over) disabled.  This requirement will be met when the impairment(s)--

"(1) Meets the duration requirement; and

"(2) Is listed in Appendix 1 of Subpart P of Part 404 of this chapter; or

"(3) Is determined by us to be medically equal to an impairment listed in Appendix 1 of Subpart P of Part 404 of this chapter."  (42 C.F.R., § 416.924.)

The Appendix referred to in the regulation sets forth the "listed impairments" for both adults and children.  Part A of the Appendix lists impairments found in adults, but the list may also be applied to children "if the disease processes have a similar effect on adults and younger persons."  (20 C.F.R.,  §  416.925(b)(1).)  Part B of the Appendix contains an additional list of impairments applicable only to children.  (20 C.F.R., § 416.925(b)(2).)  Both listings include a range of mental disorders.  (20 C.F.R., ch. III, pt. 404, subpt. P, appen. 1, pt. A, # 12.00, pt. B, # 112.00.)  If a severely emotionally disturbed child suffers one of the listed impairments, whether or not it is the cause of his/her severe emotional disturbance, he or she would be eligible for SSI assistance under subchapter XVI.  (Powell v. Schweiker (M.D.Fla. 1981) 514 F.Supp. 439, 441-447, affd., Powell By and Through Powell v. Schweiker (11th Cir. 1982) 688 F.2d 1357, 1359-1363; Hinckley v. Secretary of Health & Human Services (1st Cir. 1984) 742 F.2d 19, 21-23.)  By reason of that, the child would then fall in one of the classes Congress has mandated states to provide medical assistance (42 U.S.C., § 1396(a)(10)(a)(i); 42 C.F.R., §435.120), and California would consider him

or her a "categorically needy person" to receive the same under the MediCal Act, without regard to parental income.

With regard to one of the other classes, there was a time when government payment of out-of-home placements for seriously emotionally disturbed children was sometimes conditioned upon a transfer of custody of a child from the parents to the juvenile court. (See Christopher T. v. San Fran. Unif. Sch. Dist. (1982) 553 F.Supp. 1107, 1109, fn. 1.) As a dependent of the court, the child's care and maintenance was provided by Aid to Families with Dependent Children--Foster Care (AFDC-FC). (§ 11401, subd. (b).) As recipients of AFDC-FC these children were automatically eligible for MediCal as "categorically needy persons" pursuant to sections 14005.1 and 14050.1 of the Welfare and Institutions Code without regard to parental income because, as recipients of foster care maintenance, their coverage was required under the categorically needy program pursuant to Title XIX of the Social Security Act as defined in federal regulations. (42 U.S.C., § 1396a(a)(10)(A)(i)(I); 42 C.F.R., § 435.118.) However, after the decision in Christopher T. v. San Fran. Unif. Sch. Dist., supra, holding that conditioning financial aid on juvenile court wardship was improper, the transfer of custody of a child from the parents to the juvenile court as a condition of payment for residential placement no longer occurs, and such children are no longer automatically eligible for MediCal benefits without consideration of parental income as "categorically needy persons."

It has also been suggested that a regulation of the Department of Health Services dealing with the Medically Indigent Program provides a category of MediCal beneficiaries into which seriously emotionally disturbed children who are placed out-of-home pursuant to an IEP might fall, where parental income would not be used to determine benefits. Section 50251 of title 22 of the California Administrative Code, "Medically Indigent Program", states in pertinent part that:

"(a) A person under 21 years of age shall have eligibility determined under the Medically Indigent Program if that person is any of the following: . . .

"(3) A child who is not living with a parent or relative and for whom a public agency is assuming financial responsibility in whole or in part.

". . . . . . . . . . . . . . . . . . . . . .

"(e) Children specified in (a)(3) shall be eligible and certified for MediCal:

"(1) On the basis of the information provided by the public agency on form MC 250.

"(2) Without considering the property or income of the child or the child's parents. . . ." (Emphasis added.)

The suggestion of using the regulation as a basis to provide MediCal benefits to children placed out-of-home pursuant to Government Code section 7572.5 must be rejected because the statutory authority for it, (former Welf. & Ins. Code, §§ 14005.4), was repealed by chapter 1354, section 6, Statutes of 1985.

Section 7572.5 of the Government Code and the funding sections (18350-18355) of the Welfare and Institutions Code do not themselves provide a special MediCal category whereby seriously emotionally disturbed children who are placed out-of-home in accordance with an individual education plan developed pursuant to section 7572.5 might qualify and receive MediCal benefits without regard to parental income. Accordingly, we conclude such children are not eligible to receive them because of that placement. They would, however, be eligible to receive MediCal benefits without consideration of parental income if they qualify as "categorically needy persons" as defined in section 14050.1 of the MediCal Act.

* * * * *